This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38855**

**MICHAEL JOLLEY,**

      Plaintiff-Appellee,

v.

**RUSH TRUCK LEASING, INC.,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

The Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellee

Ogletree, Deakins, Nash, Smoak & Stewart, PC
Amelia M. Willis
Atlanta, GA

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant appeals from the district court's denial of its motion to compel arbitration. In this Court's notice of proposed disposition, we proposed to summarily reverse. Plaintiff submitted a memorandum in opposition, which we have duly considered. Unpersuaded, we reverse.

**{2}** In our calendar notice, we proposed to reverse the district court's ruling that the arbitration agreement is not supported by sufficient consideration. [CN 1] Plaintiff

opposes our proposed conclusion on two basis: (1) the agreement is unenforceable because it is unconscionable; and (2) Plaintiff's continued employment is not sufficient consideration for the arbitration agreement. We address each argument in turn.

**{3}** Plaintiff first contends that the arbitration contract is not enforceable because it is substantively unconscionable.

> Arbitration agreements are a species of contract subject to generally applicable contract law, including unconscionability. Arbitration agreements are substantively unconscionable when they are unfairly and unreasonably one-sided. New Mexico conscionability case law has consistently found arbitration agreements to be unfairly and unreasonably one-sided when they unjustifiably require the non-drafting party to arbitrate its likeliest claims, while allowing the drafting party to pursue its likeliest claims through litigation.

*Peavy ex rel. Peavy v. Skilled Healthcare Grp., Inc.*, 2020-NMSC-010, ¶ 12, 470 P.3d 218 (citations omitted); *see also id.* ¶ 13 (noting that there are no bright-line rules and cases should still be examined on a case-by-case basis). "The party alleging unconscionability bears the burden of proving that a contract is unenforceable on that basis." *Id.* ¶ 10. "The burden of proving unconscionability, however, does not require an evidentiary showing." *Id.* "In other words, the party bearing the burden of proving unconscionability does not have to make any particular evidentiary showing, but rather can persuade the factfinder by analyzing the contract on its face." *Id.* (internal quotation marks and citation omitted).

**{4}** *Peavy* articulates a two-step analysis used to evaluate substantive unconscionability. *Id.* ¶ 20. First, "[t]he court should look to the face of the arbitration agreement to determine the legality and fairness of the contract terms themselves." *Id.* (internal quotation marks and citation omitted). "Second, if the court determines the arbitration agreement is facially one-sided, the court should allow the drafting party to present evidence that justifies the agreement is fair and reasonable, such that enforcement of the agreement would not be substantively unconscionable." *Id.* ¶ 21.

**{5}** We understand Plaintiff's argument to be that because a portion of the arbitration agreement allows Defendant to avoid arbitration when bringing claims for injunctive relief for "trade secrets, misappropriation, unfair competition and disclosures of confidential information[,]" the arbitration agreement is unfair and unconscionable. [MIO 3] While no specific evidentiary showing is required of Plaintiff, we are unpersuaded that this standalone assertion renders the entire arbitration agreement unconscionable. Plaintiff has made no argument that Defendant's claims for injunctive relief for trade secrets, misappropriation, unfair competition and disclosures of confidential information were its likeliest claims. *See id.* ¶ 12 ("New Mexico conscionability case law has consistently found arbitration agreements to be unfairly and unreasonably one-sided when they unjustifiably require the non-drafting party to arbitrate its likeliest claims,

while allowing the drafting party to pursue its likeliest claims through litigation."). Additionally, the arbitration agreement exempts several other types of claims including worker's compensation claims, claims arising under the National Labor Relations Act, claims based on Defendant's benefit offerings, and claims for unemployment, all of which apply equally to both parties. Accordingly, and in the absence of persuasive argument, we conclude that Plaintiff has not carried his burden to establish that the arbitration agreement is facially unconscionable. *See id.* ¶ 13.

{6}     Plaintiff next argues that the arbitration agreement is unenforceable for lack of consideration. [MIO 3] The crux of Plaintiff's argument is that he signed the arbitration provision five years after he began his employment, and thus his continued employment cannot be sufficient consideration to support the arbitration agreement. [MIO 3-4] *See Piano v. Premier Distrib. Co.*, 2005-NMCA-018, ¶ 8, 137 N.M. 57, 107 P.3d 11 (concluding that because "the implied promise of continued at-will employment placed no constraints on [the d]efendant's future conduct; its decision to continue [the p]laintiff's at-will employment was entirely discretionary" the promise was illusory and did not constitute sufficient consideration). Even if we were inclined to agree with Plaintiff's contention, there was consideration apart from Plaintiff's continued employment. As we explained in our notice of proposed disposition, Defendant's promise to arbitrate is not illusory, and thus the parties' mutual promises to arbitrate constitute sufficient consideration. [CN 4] *See Sisneros v. Citadel Broad. Co.*, 2006-NMCA-102, ¶ 31, 140 N.M. 266, 142 P.3d 34 ("Consideration consists of a promise to do something that a party is under no legal obligation to do or to forbear from doing something he has a legal right to do." (internal quotation marks and citation omitted)); *see also id.* ("An illusory promise does not provide consideration to support a contract."). Plaintiff's memorandum in opposition does not contest our proposed conclusion that the mutual promises made in the arbitration agreement constitute sufficient consideration, and thus we refer him to our analysis therein. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{7}     For the foregoing reasons, and the reasons stated in our notice of proposed disposition, we reverse the district court and remand this case for further proceedings consistent with this Court's notice of proposed disposition and this opinion.

{8}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**